UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-728-H

JANE DOE                                                                                         PLAINTIFF

V.

SAEED BIN SUROOR                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed a personal injury action against Saeed Bin Suroor, a British citizen who for a time worked in Kentucky. Plaintiff alleges that on or about October 31, 2000, Defendant sexually assaulted her and inflicted severe emotional distress. Plaintiff filed a complaint on October 28, 2005. Recently, the individual Defendant and a purported foreign corporation Defendant, Godolphin Enterprises, moved to dismiss the complaint based on statute of limitations grounds. The Court can resolve some of these issues at this time. Others will await further reflection and discussion.

Plaintiff's claims of sexual assault and battery are governed by Kentucky's one-year statute of limitations. KRS 113.140(1). *Also see MHC, Inc. v. Int'l Union, United Mine Workers*, 685 F.Supp. 1370 (E. D. Ky. 1988) and *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295 (Ky. App. 1993). Plaintiff cannot and does not dispute the applicability of the one-year limitations period. Plaintiff filed her complaint approximately five years after accrual of the cause of action. Therefore, unless some other excuse can be found, the statute bars the sexual assault and the assault and battery claims.

Plaintiff 's only argument is that KRS 413.190(2) tolls the statute of limitations because

Case 3:05-cv-00728-JGH   Document 25   Filed 05/18/07   Page 2 of 3 PageID #: 419

Defendant has absconded or concealed himself from prosecution of the action.  Unfortunately, the statute which Plaintiff cites applies only to a resident of the state of Kentucky.  Sound policy reasons abound for the limitation in this tolling statute.  It would make little sense to penalize an individual for leaving a jurisdiction in which he did not actually reside.  The statute reflects that common sense judgment.  Since Defendant is not a resident of Kentucky, the tolling statute cannot apply to him.

The Court can resolve one other issue now.  Reviewing Plaintiff's complaint, the Court cannot find that she has asserted a cause of action directly against Godolphin Enterprises, which in any event was a foreign corporation formed after the date of the alleged sexual assault.  As noted, Defendant has also moved to dismiss Plaintiff's state law claim for intentional infliction of emotional distress based on statute of limitations grounds as well.  The Court has yet to have an opportunity to fully consider this issue.  In due course, the Court will do so and issue an appropriate Memorandum Opinion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of Saeed Bin Suroor to dismiss Plaintiff's state law claims for assault and battery and sexual assault are SUSTAINED and those claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion of Godolphin Enterprises to dismiss any purported claims against it are SUSTAINED and those claims are DISMISSED WITH PREJUDICE.

The Court will consider the remaining issues concerning the claim for intentional infliction of emotional distress in due course.

2

       This is not a final and appealable order.

cc:    Counsel of Record