UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-728-H

JANE DOE                                                                                              PLAINTIFF

V.

SAEED BIN SUROOR                                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court now considers the motion of Defendant, Saeed Bin Suroor, to dismiss Plaintiff's state law complaint for outrage. The Court concludes that Plaintiff can make no such claim in these circumstances.

Plaintiff alleges that Defendant sexually assaulted her during an employment interview on October 31, 2000. She alleges that Defendant lured her to a hotel room with promises of employment, then assaulted her and forced her to have unprotected sex. He then threatened her to keep quiet about all the events. Plaintiff filed a complaint on October 28, 2005. She alleged state law claims for sexual assault, assault and battery, and intentional infliction of emotional distress. The Court has already dismissed the assault claims as barred by the statute of limitations. It goes without saying that the assertion of the outrage claim was important because such a claim is governed by a longer five-year statute of limitations. Therefore, if the Court permits the claim to proceed, it may well escape dismissal.

Defendant argues that the outrage claim must also be dismissed on statute of limitation grounds and because Plaintiff may not assert such a state law claim in these circumstances. This Court agrees that this case should be dismissed on the latter grounds and, therefore, need not

consider the former.

The rule in *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295 (Ky. App. 1993), and its prodigy governs our circumstances. These cases stand for the proposition that the tort of outrage is a "gap-filler" that provides a remedy only where no other tort remedy is available. Here, the allegations demonstrate a physical sexual assault for which all measure of damages are available, including those for severe emotional distress arising from the assault. Where the claims of outrage or intentional infliction of emotional distress arise from a physical assault, those torts provide the appropriate remedy. "The tort of outrage was intended to supplement the existing forms of recovery, not swallow them up." *Id.* at 299.

The only exception is where one can say that Defendant's physical assault was intended solely to inflict extreme emotional distress. Clearly, sexual gratification or sexual dominance was the primary purpose at work here. Consequently, under the rule in *Rigazio*, Plaintiff's claim of outrage must be dismissed. *See also Arnold v. Wilder*, 2006 WL 897090, *5 (W.D. Ky. Mar. 31, 2006) (dismissing plaintiff's outrage claim where the purpose of defendant's actions was to avoid civil liability for employer, not to inflict extreme emotional distress); *Fultz v. Whittaker*, 261 F.Supp.2d 767, 784 (W.D. Ky. 2003) (dismissing plaintiff's outrage claim where plaintiff presented no evidence that defendants' assault on plaintiff was motivated solely by a desire to cause plaintiff emotional distress). Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is SUSTAINED and Plaintiff's claim of outrage is DISMISSED WITH PREJUDICE. This resolves the final claims remaining in this case.

This is a final and appealable order.

cc: Counsel of Record